NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

ADIP J. TADROS & NORMA TADROS,

     Plaintiffs,

v.

CITY OF UNION CITY; MAYOR BRIAN P.
STACK; JOHN MEDINA; MARTIN
MARTINETTI; FRANCO ZANDARDELLI;
LUCIO FERNANDEZ; CHRISTOPHER F.
IZIZARRY; TILO E. RIVAS; MARYBURY
BOMBINO; ANDRES GARCIA; MIGUEL
ORTIZ; VICTOR MERCADO; VICTOR
GRULLON; MARGARITA GUTIERREZ; DENIS
VELEZ; C. VALBIVIA; THE STATE OF NEW
JERSEY; EMPIRETECH CONSULTING
ASSOCIATION INC.; SHERIFF H. EL-FAR;
SHERIFF P.E. CONNIE YOUNIS; JOSE
IZQUIERDO; JAI, ARCHITECTS LLC; ABBAS
A. SHAH; RONALD ABRAHAM, ESQ.; GREGG
F. PASTER, ESQ.; WILFREDO J. ORTIZ, II,
ESQ.; J.D.P. CONSTRUCTION SERVICES, INC.;
JUAN DE LA PAZ; JAY B. ZUCKER, ESQ.;
ROSE RUBITO, ESQ.; DAVID M. WATKINS,
ESQ.; 54 INC.; ORTIZ AND PASTER LAW
OFFICES; JAY B. ZUCKER & KWESTEL, LLP;
JOHN DOES,

     Defendant.

---

**Hon. Dennis M. Cavanaugh**

## OPINION

Civil Action No. 10-CV-2535
(DMC)(JAD)

---

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

     This matter comes before the Court upon motions to dismiss by Defendants Jose Izquierdo

and JAI Architect, LLC, and Rose Tubito, Esq., and motions for summary judgment by Defendants

1

Ronald Abraham, Esq.; Gregg F. Paster, Esq., Wilfredo J. Ortiz, II, Esq., and Ortiz & Paster Law Offices; Sherif H. El-Far, President of Allied Engineering Associates; and City of Union City, the Board of Commissioners of the City and each of its members individually.  Plaintiffs also filed two motions to amend their Complaint. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, the decision of this Court upon each of these motions is set forth for the reasons herein expressed separately below.

**I.**      **Background**

The current complaint arises out of events dealing with Adip Tadros and Norma Tadros' ("Plaintiffs") development of their property, operated as "Billiard Parlor and Catering Services," in Union City, New Jersey.  Plaintiffs allege that, from 1998-2002, the Board of Commissioners of Union City and each of its members individually (plead as the Mayor and Council of Union City and each of its members individually), and Martin Martinetti (collectively, "the City Official Defendants") harassed Plaintiffs, forcing them to provide free services and food.  (Id. ¶¶ 46-50).  In 2002, Plaintiffs contend that City Official Defendants approached them with the idea of expanding their property to include residential units.  (Compl. ¶ 53).  Plaintiffs received zoning permits from the city approving their development project (allegedly after paying bribes solicited by the City Official Defendantss, see (Id. ¶¶ 55-56)) and began construction, but met with delays when the zoning board found deficiencies in the building plans.  (Id. ¶¶ 63-80).  Plaintiffs allege that during this time, Defendants, including city officials, construction and engineering companies, and legal counsel retained by Plaintiffs in resolving these matters, committed various acts in violation of state and federal law.

Plaintiffs then brought suit in New Jersey state court against Ronald Abraham, Esq.; Gregg

F. Paster, Esq., Wilfredo J. Ortiz, II, Esq., and Ortiz & Paster Law Offices; Sherif H. El-Far, President of Allied Engineering Associates; Jose Izquierdo and JAI Architect, LLC; and City of Union City, the Board of Commissioners of Union City and each of its members individually, and Martin Martinetti (collectively "Defendants" or "Co-Defendants") generally alleging misconduct, fraud, and conspiracy and resulting harm to the Plaintiffs.  Subsequently, Plaintiffs also brought two suits against Gregg F. Paster, Esq. and Ronald Abraham, Esq. ("Attorney Defendants"), who represented Plaintiffs in the state proceedings against the other Co-Defendants, for malpractice.  All the state proceedings were resolved with prejudice in favor of the Defendants.  See Def. Paster et al. Exs. B, D; Def. Tubito Ex. B; Def. Abraham Exs. E, H, K.

Following the state court proceedings, Plaintiffs filed the instant complaint in federal court. Plaintiffs' Complaint, which is largely based on the same underlying events as those at issue in the state court proceedings, asserts several claims of relief against thirty-nine named Defendants.

Defendants Jose Izquierdo and JAI Architect, LLC, and Rose Tubito, Esq.,[1] filed motions to dismiss and Defendants Ronald Abraham, Esq.; Gregg F. Paster, Esq., Wilfredo J. Ortiz, II, Esq., and Ortiz & Paster Law Offices; Sherif H. El-Far, President of Allied Engineering Associates; and City of Union City, the Board of Commissioners of the City and each of its members individually filed motions for summary judgment.  Plaintiffs have filed a motion to amend their complaint.

A. Summary of Claims against Defendants and Arguments to Dismiss

1.      Sherif H. El-Far, President of Allied Engineering Associates

Defendant El-Far was sued in his personal capacity and his official capacity with Empiretech.

---

[1]Rose Tubito is erroneously named in the caption as Rose Rubito.

El-Far is the President of Allied Engineering Associates.  (Def. Br. Statement of Facts ¶ 3).[2]

El-Far contends that Plaintiffs' complaint should be dismissed under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief may be granted.  (Def. Br. Legal Argument). Defendant argues that Plaintiffs failed to include a "single 'single short or plain statement' of the specific factual claims of wrongdoing'" against El-Far.  Id.  Specifically, Defendant claims that (1) Plaintiffs misidentified El-Far as an employee of Empiretech, when in actuality he is President of Allied Engineering Associates; (2) Plaintiffs acknowledged that El-Far and Allied actually inspected and reported problems with Empiretech's plan, thus assisting Plaintiffs rather than attempting to impede their efforts; and (3) Plaintiffs did not state with particularity any acts or omissions that would constitute fraud on the part of El-Far against Plaintiffs.  (Def. Br. Preliminary Statement).

   2. Gregg F. Paster, Esq., Wilfredo J. Ortiz, II, Esq., and Ortiz & Paster Law Offices, Former Counsel to Plaintiffs

Plaintiffs sued Defendants for legal malpractice arising from Defendants' representation of Plaintiffs in a suit alleging architectural and engineering malpractice against Empiretech in New Jersey state court.  Defendants were replaced by Defendant Abraham as counsel for Plaintiffs in 2005.  Plaintiffs initially filed the legal malpractice claim against Defendant Paster in February 2007 in the Superior Court of New Jersey.  (Def. Br. 2).  Plaintiffs voluntarily dismissed Paster, with prejudice, in 2009, but subsequently filed two motions to reinstate the claim, both of which were rejected by the trial court.  (Def. Br. 2).  The current complaint before this Court includes allegations against Ortiz and the law firm, in addition to Paster.

Defendants argue that Plaintiffs' current complaint involves the same facts and issues that

---

[2]Defendant El-Far did not number the pages in the brief.

were previously dismissed with prejudice by the New Jersey state court. (Def. Br. 1). Specifically, Defendants argue that (1) Plaintiffs' claims against Paster are now barred by collateral estoppel and res judicata because there was a final ruling in state court on the issues presented in this complaint (Def. Br. 7-10); (2) Rooker-Feldman bars Plaintiffs from bringing these claims against Paster because the federal relief Plaintiffs seek would require a determination that the state court's decision was wrong (Def. Br. 11); and (3) Plaintiffs' claims against Defendants are barred by res judicata and collateral estoppel in light of the privity between the parties (Def. Br. 12-13).

### 3.     Ronald Abraham, Esq., Former Counsel to Plaintiffs

Plaintiffs sued Defendant Abraham for legal malpractice arising from Defendant's representation of Plaintiffs in a suit alleging architectural and engineering malpractice against Empiretech in New Jersey state court in 2005. (Def. Br. 1). Plaintiffs initially filed the legal malpractice claim in New Jersey Superior Court, which was dismissed in November 2008, as was a motion for reinstatement in June of 2009. (Def. Br. 1).

Defendant Abraham contends that Plaintiffs' current complaint in this Court relitigates the same facts and issues that were previously dismissed with prejudice by the New Jersey state court. (Def. Br. 1). Specifically, Defendant Abraham argues that (1) Plaintiffs' claims against Abraham already were, or should have been, raised in the prior litigation before the state court and thus this Court is barred from hearing them based on New Jersey's entire controversy doctrine (Def. Br. 15-28); (2) Plaintiffs' claims against Abraham are now barred by collateral estoppel (Def. Br. 29-31); and (3) Rooker-Feldman bars Plaintiffs from bringing these claims against Abraham because the federal relief Plaintiffs seek would require a determination that the state court's decision was wrong (Def Br. 31-32).

4.      Jose Izquierdo and JAI Architect, LLC

Defendants contend that (1) Plaintiffs' claims are barred by res judicata and collateral estoppel because Plaintiffs made the same allegations against Defendants in New Jersey state court and those allegations were dismissed with prejudice, (Def. Br. 10-15); (2) under New Jersey's entire controversy doctrine, Plaintiffs are barred from bringing any related claim that was not raised during the suit against Defendants in state court, (Def Br. 15-16); (3) Plaintiffs failed to state a claim upon which relief may be granted, in violation of Fed. R. Civ. P. 12(b)(6), against Defendants in Counts One through Five, Ten through Fifteen, and Seventeen through Nineteen, (Def. Br. 18-39); and (4) Plaintiffs failed to properly serve Defendant Izquierdo in accordance with Fed. R. Civ. P. (12)(b)(4), (5).  (Def. Br. 39-40).[3]

5.      City of Union City, The Board of Commissioners of the City and each of its members individually (plead as the Mayor and Council of Union City and each of its members individually), and Martin Martinetti

Plaintiffs alleged seventeen Counts against Defendants.  For sixteen of those Counts, Defendants argue that the claim is (1) barred by either collateral estoppel, because the claim was already decided against Plaintiffs in state court, or res judicata and the New Jersey entire controversy doctrine, because Plaintiffs had the opportunity to bring certain claims in the state court manner, but did not avail themselves of that opportunity;(2) the applicable statute of limitations for the individual claim warrants dismissal; and (3) failure to state a claim upon which relief may be granted pursuant

---

[3]Defendants Izquierdo and JAI Architect, LLC also argue that Plaintiffs' repeating a claim in federal court that was already resolved in state court violates Fed. R. Civ. P.  11 and that sanctions are appropriate.  (Def. Br. 17-18).

to Fed. Civ. R. P. 12(b)(6), (Def. Br. 38-39).[4]

      6.     Rose Tubito, Esq., Former Counsel to Plaintiffs

Plaintiffs filed suit against Defendant Tubito alleging: RICO violations, conspiracy to violate

RICO and the New Jersey RICO Act, violation of the New Jersey Consumer Fraud Act, billing fraud,

theft by conversion, unjust enrichment, common law fraud, conspiracy to commit common law

fraud, negligent misrepresentation, breach of fiduciary duty, and legal malpractice.  (Def. Br. 1).

Defendant contends that Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P.

12(b)(6) for failing to state a claim upon which relief may be granted and for failure to plead fraud

with particularly as required by Fed. R. Civ. P. 9(b).  (Def. Br. 1).  On the legal malpractice

allegation, Defendant argues that Plaintiffs failed to allege the elements of legal malpractice and that

further, the claim is not ripe because Plaintiffs have not lost a case and suffered damages as a result

of malpractice.  (Def. Br. 15-16).

      B.    Plaintiffs' Motions to Amend

On November 17, 2010, Plaintiffs filed an application/petition for leave to amend their

Complaint.  On February 4, 2010, while the previous application was still pending, Plaintiffs filed

a second motion to amend their Complaint.

## II.    **Legal Standards**

A. Fed. R. Civ. P. 56

Summary judgment is granted only if all probative materials of record, viewed with all

inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material

---

[4]Defendants also offer defenses particular to each claim, but these defenses need not be
addressed here.

fact and that the movant is entitled to judgment as a matter of law.  See FED. R. CIV. P. 56(c);

Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  "A party seeking summary judgment always

bears the initial responsibility of informing the district court of the basis for its motion." See Celotex

Corp., 477 U.S. at 323.  "This burden has two distinct components: an initial burden of production,

which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of

persuasion, which always remains on the moving party."  Id. at 330.

      "In determining whether there are any issues of material fact, the Court must resolve all

doubts as to the existence of a material fact against the moving party and draw all reasonable

inferences - including issues of credibility - in favor of the nonmoving party."  Newsome v. Admin.

Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx.

76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

      While a court must draw reasonable inferences, the non-moving party "may not rest upon the

mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient

evidence to support a jury verdict in his favor.  See FED. R. CIV. P. 56(e); see also Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "[U]nsupported allegations in

memorandum and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid.

Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  In addition, conclusory allegations are

insufficient to establish genuine issues of fact.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 902

(1990).  The non-moving party "must do more than simply show that there is some metaphysical

doubt as to the material facts."  Matsushita Elec. Indus. Co., 475 U.S. at 586.

      B. Fed. R. Civ. P. 12(b)(6)

      In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all

factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. 550 U.S. at 555.

C.  Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 9(b) provides, in relevant part, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "A plaintiff is not required to plead the 'date, place or time' of the fraud, so long as plaintiff uses an alternative means of injecting precision and some measure of substantiation into their allegations. To meet this standard, the subject and nature of each misrepresentation must be adequately pled." S. Broward Hosp. Dist. v. MedQuist, Inc., 516 F.Supp. 2d 370, 384 (D.N.J. 2007) (internal quotations and citations omitted).

**III.**   **Discussion**

A.   Motions on behalf of Jose Izquierdo and JAI Architect, LLC; Ronald Abraham, Esq.; Gregg F. Paster, Esq., Wilfredo J. Ortiz, II, Esq., and Ortiz & Paster Law Offices; Sherif H. El-Far, President of Allied Engineering Associates; and City of Union, the Board of Commissioners of Union City and each of its members individually, and Martin Martinetti

9

Allegations that Plaintiffs bring in federal court are an attempt to take a second bite of the

apple as all claims were already filed, or should have been filed, in state court because they arise out

of the same controversy.   Therefore, res judicata, collateral estoppel, and New Jersey's entire

controversy doctrine preclude Plaintiffs from now re-litigating these claims and issues in federal

court.

"Res judicata, also known as claim preclusion, bars a party from initiating a second suit

against the same adversary based on the same 'cause of action' as the first suit."   Duhaney v.

Attorney General of the United States, 621 F.3d 340, 347 (3d Cir. 2010) (citing In re Mullarkey, 536

F.3d 215, 255 (3d Cir. 2008)).   "Whether two lawsuits are based on the identical cause of action

turn[s] on the essential similarity of the underlying events giving rise to the various legal claims."

Bd. of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra, 983 F.2d 495,

504 (3d Cir. 1992) (internal quotations omitted).   "Courts should not apply this conceptual test

mechanically, but should focus on the central purpose of the doctrine, to require a plaintiff to present

all claims arising out the same occurrence in a single suit."   Id.   "'[A] final judgment on the merits

of an action precludes the parties or their privies from relitigating issues that were or could have been

raised in that action.'"   Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir. 1999) (quoting

Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 476 (1998)).   To succeed on a defense of claim

preclusion, a defendant must "demonstrate that there has been (1) a final judgment on the merits in

a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same

cause of action."   Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).

The State of New Jersey also applies "the entire controversy doctrine."   Lubrizol, 929 F.2d

at 965.   New Jersey's entire controversy doctrine "requires that a person assert in one action all

related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." Melikian v. Corradetti, 791 F.2d 274, 279 (3d Cir. 1986). The Third Circuit has recognized that "[t]he entire controversy doctrine reaches more broadly than the 'same cause of action' requirement of traditional res judicata doctrine." Melikan, 791 F.2d at 279.

Under the doctrine of collateral estoppel, or issue preclusion, "'once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause of action between the same parties.'" Walker v. Horn, 385 F.3d 321, 336 (3d Cir. 2004) (quoting Kremer v. Chem. Constr. Corp., 456 U.S. 461, 467 n.6 (1982)). "'Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.'" In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002) (quoting New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)). "'[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action that involves a party to the prior litigation.'" Szehinskyj v. Attorney General of the United States, 432 F.3d 253, 255 (3d Cir. 2005) (quoting Montana v. United States, 440 U.S. 147,153 (1979)). To prove an action is precluded by collateral estoppel, a defendant must show "'(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.'" Id. (quoting Henglein v. Colt Indus. Operating Corp., 260 F.3d 201, 209 (3d Cir. 2001)).

11

All claims against Ronald Abraham, Esq.; Gregg F. Paster, Esq., Wilfredo J. Ortiz, II, Esq., and Ortiz & Paster Law Offices; Sherif H. El-Far, President of Allied Engineering Associates; Jose Izquierdo and JAI Architect, LLC; and City of Union City, the Board of Commissioners of Union City and each of its members individually, and Martin Martinetti must be dismissed based on res judicata, collateral estoppel, and New Jersey's entire controversy doctrine.

Plaintiffs brought the following claims in federal court: violations of federal and state civil RICO laws (Counts 1 through 4); violation of the New Jersey Consumer Protection statutes (Count 5); § 1983 and Bivens claims (Count 6); § 1985 conspiracy to violate civil rights (Count 7); violation of the New Jersey Tort Claims Act (Count 8); billings fraud by defendant-attorneys (Count 9); conversion (Count 10); unjust enrichment (Count 11); common law fraud (Count 12); conspiracy to commit fraud (Count 13); negligent misrepresentation (Count 14); breach of fiduciary duty of care by all defendants (Count 15); breach of fiduciary duty of care by the City and city officials (Count 16); commercial bribery (Count 17); violation of the Truth in Lending Act (Count 18); legal malpractice (Count 19); and violation of the Equal Protection Clause of the Fifth Amendment (Count 20).

In state court, against the same Defendants named above, Plaintiffs alleged, in more general terms that Defendants: engaged in willful misconduct and extortion causing severe harm and damages; engaged in fraud and misrepresentation; acted under "official guard," which broadly construed alleges action under color of state law; acted in a negligent manner and with deliberate indifference towards Plaintiffs resulting in damages; engaged in tortious conduct and interference with Plaintiffs' construction project; solicited bribes; harmed the reputation of Plaintiffs' and their business; and negligently inflicted emotional distress on Plaintiffs.  Plaintiffs also filed a legal

malpractice suit against defendant-attorneys Gregg Paster and Ronald Abraham in state court.

The New Jersey state court cases resolved all the claims on the merits in favor of the above-named Defendants. The Plaintiffs now seek a second bite at the apple in federal court on these allegations. To the extent that Plaintiffs' state court claims were vague and did not specifically express the same causes of actions, the allegations all arise out of the same controversy. Thus, even if the state court did not address the specific allegations here, since there is one core controversy, the Plaintiffs should have brought all relevant claims when they brought the initial state court suit. Under New Jersey's entire controversy doctrine, the Plaintiffs are now barred from bringing claims in federal court that they could, and should, have brought in state court with the original complaint.

B.      Claims against Defendant Rose Tubito, former Plaintiffs' Counsel

Defendant Rose Tubito represented Plaintiffs' in two state actions against the other Co-Defendants prior to withdrawing as Plaintiffs' legal counsel. Tubito moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and pursuant Fed. R. Civ. P. 9(b) for failure to comply with the heightened pleading standards for allegations of fraud.

Plaintiffs assert the following claims against Defendant Tubito: violation of RICO Act, conspiracy to violate RICO, violation of the New Jersey RICO Act, conspiracy to violate the New Jersey RICO Act, violation of New Jersey Consumer Fraud Act ("CFA"), billing fraud, theft by conversion, unjust enrichment, common law fraud, conspiracy to commit common law fraud, negligent misrepresentation, breach of fiduciary duty, and legal malpractice. Each will be addressed below.

1.  RICO and Conspiracy to Violate RICO

RICO authorizes the filing of a litigation by "any person injured in his business or property

13

by reason of a violation of section 1962." 18 U.S.C. §§ 1964(c). Section 1962 provides in relevant part that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Section 1962(d) provides a cause of action against persons who conspired to violate the substantive provisions of (a), (b), or (c).

To state a claim under 18 U.S.C. §§ 1964(c) and (d), Plaintiffs must prove the existence of two separate entities "(1) a 'person'; and (2) an 'enterprise that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). Plaintiffs need to demonstrate that Defendant Tubito is "'employed by or associated with' the 'enterprise.'" See id. (citing 18 U.S.C. § 1962(c)). To show the existence of an enterprise, the Third Circuit requires "proof '(1) that the enterprise is an ongoing organization with some sort of framework for making or carrying out decisions; (2) that the various associates function as a continuing unit; and (3) that the enterprise be separate and apart from the pattern of activity in which it engages.'" United States v. Urban, 404 F.3d 754, 770 (3d Cir. 2005) (quoting United States v. Irizarry, 341 F.3d 273, 286 (3d Cir. 2003)) Additionally, a RICO claim must include an adequately pled injury, which "requires proof of a concrete financial loss and not mere injury to a valuable intangible property interest." Maio v. Aetna, 221 F.3d 472, 483 (3d Cir. 2000). Plaintiffs failed to allege sufficient facts identifying a RICO 'person' distinct from the 'enterprise,' or connecting Defendant Tubito with an alleged civil enterprise, which was an ongoing organization, functioned as a continuing unit, and conspired against Plaintiffs. Plaintiffs have failed to state a claim for which relief can be granted.

14

2.      New Jersey RICO and Conspiracy to Violate New Jersey RICO

Plaintiffs' assert Defendant violated the New Jersey RICO statute.  Pursuant to N.J.S.A. §

2C:41-2(c), "it shall be unlawful for any person employed by or associated with any enterprise

engaged in or activities of which affect trade or commerce to conduct or participate, directly or

indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity or

collection of unlawful debt."  Pursuant to N.J.S.A. § 2C:41-2(d), it is unlawful for any person to

conspire to violate any of the provisions of this section.  Plaintiffs have alleged generally that

Defendant Tubito conducted or participated in racketeering activity, and that she was part of the mail

fraud, wire fraud, extortion and intimation underlying Plaintiffs' claim.  When allegations of mail

and wire fraud form the basis for a RICO violation, "the allegations of fraud must comply with [Fed.

R. Civ. P.] 9(b), which requires that allegations of fraud be pled with specificity."  Lum v. Bank of

America, 361 F.3d 217, 223 (3d Cir. 2004).  Plaintiffs have failed to meet the heightened pleading

requirements of Rule 9(b).  Plaintiffs have not specifically identified any conduct by Defendant

Tubito that may qualify as mail or wire fraud, extortion or intimidation.  Plaintiffs have failed to state

a claim upon which relief can be granted.

3.      New Jersey CFA

Plaintiffs allege Defendant Tubito violated the New Jersey CFA by committing fraudulent

misrepresentations, omissions, and concealment of material facts.  The New Jersey CFA does not

apply to attorneys, as attorneys fall under the "learned professionals" exception to the CFA.  Lee v.

First Union Nat. Bank, 971 A.2d 1054, 1062 (N.J. 2009) (citing Vort v. Hollander, 607 A.2d 1339

(N.J. Super. Ct. App. Div. 1992)).  Plaintiffs are barred from seeking relief against Defendant Tubito

under the CFA.

4.     Billing Fraud

Plaintiffs assert a claim of billing fraud against all defendant attorneys, but do not specifically assert against Defendant Tubito.  As discussed above, a claim for billing fraud must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b).  Plaintiffs do not discuss any bills issued by Defendant Tubito, identify how they are fraudulent, or assert that they in fact paid the bills. Plaintiffs have failed to state a claim for which relief can be granted.

5.     Theft by Conversion

Plaintiffs fail to identify any bills or billing entries that reflect charges for Defendant's Tubito's work that were not actually performed, nor do Plaintiffs allege they paid the allegedly fraudulent bills.  Plaintiffs have made no allegations Defendant Tubito stole money, or converted it, from Plaintiffs.  Plaintiffs allege no misconduct for which Defendant Tubito would be liable. Plaintiffs have failed to state a claim for which relief can be granted.

6.     Common Law Fraud and Conspiracy to Commit Common Law Fraud

"[T]he five standard elements of a cause of action for fraud [are]: (1) a misrepresentation of fact, (2) fraudulently uttered, (3) with intent to induce reliance, (4) and inducing justifiable reliance, (5) and to the injury of the injured party." Averbach v. Rival Mfg. Co., 809 F.2d 1016, 1019 (3d Cir. 1987).  Fraud may not be alleged in general terms, but rather a "plaintiff must 'inject precision and some measure of substantiation into [his] allegations of fraud.'" Yost v. General Motors Corp., 651 F. Supp. 656, 658 (D.N.J. 1986) (citing Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir.1984)). Plaintiffs allege generally that all Defendants made

16

misrepresentations or failed to disclose material facts with the intention Plaintiffs detrimentally rely on them.  Plaintiffs do not specifically identify any misrepresentations made by Defendant Tubito other than Defendant Tubito's failure to disclose her alleged association with Defendant David Watkins. Plaintiffs have not alleged Defendant Tubito intentionally misrepresented facts, or claim with any particularity any injury stemming from any alleged fraudulent misrepresentation of facts uttered by Defendant Tubito.  Plaintiffs fail to state a claim upon which relief may be granted.

As to conspiracy to commit fraud, under New Jersey Law, a civil conspiracy "is not an independent cause of action, but rather a 'liability expanding mechanism' which exists only if [Plaintiffs] can prove the underlying 'independent wrong,' here, [common law fraud]." Farris v. County of Camden, 61 F. Supp. 2d 307, 331 (D.N.J. 1999).  Since Plaintiffs have failed to state a claim for common law fraud, they have also, by necessity, failed to state a claim for conspiracy to commit common law fraud.

### 7.    Legal Malpractice

In New Jersey, legal malpractice requires "(1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff." McGrogan v. Till, 771 A.2d 1187, 1193 (N.J. 2001).  When the alleged legal malpractice occurs during the pendency of litigation, the plaintiff must "suffer real and substantial, as opposed to speculative, damage." Olds v. Donnelly, 696 A.2d 633, 641 (N.J. 1997) (finding that damage was not certain until dismissal of the action). Plaintiffs allege that Defendant Tubito represented Plaintiffs and simultaneously sought work for a close associate of Mayor Stack, and that Defendant Tubito abandoned Plaintiffs' suit against City

Officials because she was seeking, or had obtained, work from another client.  It is not malpractice to cease representing a client provided the withdrawal does not act to prejudice Plaintiffs' pending claims.  Plaintiffs were not damaged as they had the opportunity to replace Defendant Tubito as counsel, and they were able to proceed pro se with their state claim against Co-Defendants, and file pro se the present complaint before this Court.  Plaintiffs fail to state a claim for which relief can be granted.

### 8.   Negligent Misrepresentation

Plaintiffs assert that Defendant Tubito made negligent misrepresentations to them.  "Under the law of New Jersey, to prove a claim of negligent misrepresentation, a plaintiff must demonstrate that: 1) the defendant negligently provided false information; 2) the plaintiff was a reasonably foreseeable recipient of that information; 3) the plaintiff justifiably relied on the information; and 4) the false statements were a proximate cause of the plaintiff's damages."  McCall v. Metropolitan Life Ins. Co., 956 F.Supp. 1172, 1186 (D.N.J. 1986) (citing Karu v. Feldman, 574 A.2d 420 (N.J. 1990)).  Plaintiffs do not allege any misrepresentations (or any representations), but rather a failure to disclose Defendant Tubito's association with attorney David Watkins.  Plaintiffs have also not sufficiently alleged that the false statements were a proximate cause of the Plaintiffs' damages.  Plaintiffs fail to state a claim upon which relief can be granted.

### 9.  Unjust Enrichment

Plaintiffs claim that Defendants have been unjustly enriched via various acts that caused Plaintiffs' assets to be transferred to them.  A state a claim for unjust enrichment requires "(1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it."  In re K-Dur Antitrust Litig., 338 F. Supp.2d

517, 544 (D.N.J.2004).  Plaintiffs do not allege that Defendant Tubito received any funds from them or that she wrongfully retained such funds.  Plaintiffs also do not allege any wrongful conduct on the part of Defendant Tubito with respect to billing, or specify how Defendant Tubito was enriched or why any payment of her legal fees unjustly benefitted her.  Plaintiffs fail to state a claim upon which relief can be granted.

### 10. Breach of Fiduciary Duties

Plaintiffs assert that all attorney defendants, including Defendant Tubito, breached the fiduciary duties they owed to Plaintiffs.  In order to state a claim for breach of fiduciary duties, Plaintiffs must establish: 1) that a fiduciary relationship existed, and 2) that the attorney committed intentional misconduct in his or her role as counsel.  <u>Packard-Bamberger & Co., Inc. v. Collier</u>, 167 N.J. 427, 443 (2001).  Plaintiffs allege that Defendant Tubito failed to disclose certain facts relevant to their litigation against the City, but do not reveal which facts Defendant Tubito failed to disclose.  Plaintiffs also allege that Defendant Tubito caused Plaintiffs' claims to be dismissed due to her lack of interest and divided loyalty to Union City, but they do not allege any facts supporting these claims.  Plaintiffs do not sufficiently allege facts showing intentional misconduct by Defendant Tubito.  Plaintiffs fail to state a claim for which relief can be granted.

### C.    Motion to Amend

On November 17, 2010, Plaintiffs filed an application/petition for leave to amend their Complaint.  The application did not include a copy of the amended complaint as is required by Local Civil Rule 7.1(f).  Accordingly, Plaintiffs first motion to amend is **denied**.

On February 4, 2011, Plaintiffs filed a second motion to amend their Complaint.  The second motion included the amended complaint in accordance with Local Civil Rule 7.1(f).  Motions to

amend are governed by Fed. R. Civ. P. 15.

Fed. R. Civ. P. 15(a)(2) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Leave to amend is to be freely granted unless there is a reason for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, 434 F.3d 196 (3d. Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.").

"Where an amended pleading would be futile, that alone is sufficient ground to deny leave to amend." Kanter v. Barella, 489 F.3d 170, 181 (3d. Cir. 2007).  "Futility of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue." Harrison Beverage Co. v. Dribeck Importers, 133 F.R.D. 463, 468 (D.N.J. 1990). The Court may deny leave to amend when "the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face." Id. (internal citations omitted). "With respect to a proposed amended complaint, '[t]he trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.'" Id. (citing Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983)); see also Parker v. Google, Inc., 242 Fed. Appx. 833, 839 (3d Cir. 2007) (affirming denial of motion for leave to amend because the proposed amendment failed to state a claim upon which relief could be granted); Kanter, 489 F.3d at 180 (upholding denial of leave to amend plaintiff's complaint when the amended pleading asserted "conclusory allegations insufficient to satisfy the ... requirements.").  "In assessing 'futility,' the District Court applies the

20

same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." Id. (internal citations omitted). "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; this does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." Harrison Beverage Co., 133 F.R.D. at 469.

In accordance with the foregoing principles, Plaintiffs second motion to amend should be granted unless this Court finds there is reason to justify it's denial. This Court finds Plaintiffs motion to amend presents no undue prejudice to the Defendants, nor was there any undue delay or dilatory tactics by the Plaintiffs.

However, as discussed above, the claims against Defendants Ronald Abraham, Gregg Paster, Wilfredo Ortiz, Ortiz & Paster Law Offices, Sherif El-Far, Jose Izquierdo, JAI Architect, Board of Commissions of Union City and each of its members individually, and Martin Martinetti must be dismissed based on the principles of entire controversy doctrine, res judicata, and collateral estoppel. There is no amendment that can cure this deficiency so as to allow Plaintiffs' Complaint against these Defendants to survive a motion to dismiss. Therefore, these amendments are futile. Accordingly, to the extent Plaintiffs' motion seeks to amend claims against these Defendants, Plaintiffs' motion is **denied**.

With regard to Defendant Rose Tubito, as discussed above, the claims must be dismissed for failure to state a claim. The proposed amended complaint will not be futile if it cures this deficiency by providing sufficient factual allegations to state a claim upon which relief can be granted. The proposed amended complaint includes new factual allegations of Defendant Tubito's wrongdoing. Specifically, Plaintiffs allege that "Rose Tubito, forged substitution of attorney documents without

the Plaintiff's consent [sic] or knowledge.  She forced the Plaintiffs to act in a pro se manner that

lead [sic] to dismissal of the case."  Compl.  ¶ 130.  Further, "Rose Tubito continued to enter

appearances and relief [sic] other defendants after she withdraw [sic] from the cases that lead [sic]

to dismissal of cause of action against some defendants listed in this complaint."  Compl. ¶ 131.

Plaintiffs' allegation that Defendant Tubito forged substitution of attorney documents and

subsequently filed them with the New Jersey court is sufficient, at this stage, to state a claim for

breach of fiduciary duties; if that Defendant engaged in intentional misconduct in her role as counsel,

thereby breaching her fiduciary duty to Plaintiffs.  To the extent Plaintiffs' motion to amend the

Complaint addresses this claim it is **granted**, and Defendant Tubito's motion to dismiss this claim

is **denied**.

However, the allegations in the motion to amend do not remedy the deficiencies as to all

other counts against Defendant Tubito.  Specifically, the new allegations of forged documents filed

in the New Jersey courts do not remedy a failure to state a claim against Defendant Tubito for

violation of, and conspiracy to violate, state and federal civil RICO claims; violation of the New

Jersey CFA; billing fraud; theft by conversion; unjust enrichment; common law fraud and conspiracy

to commit common law fraud; negligent misrepresentation; and legal malpractice.  Therefore, to the

extent Plaintiffs' motion to amend the complaint addresses these claims, Plaintiffs' motion is **denied**

and Defendant Tubito's motion to dismiss is **granted**.

**IV.**   **CONCLUSION**

In accordance with the foregoing, the summary judgment motions of Defendants Ronald

Abraham; Gregg Paster; Wilfredo Ortiz, II; Ortiz & Paster Law Offices; and Sherif El-Far; are

**granted**; the motions to dismiss of Defendants Jose Izquierdo and JAI Architect, and City of Union,

Board of Commissions of the City, and each of its members individually are **granted**; Defendant

Tubito's motion to dismiss is **granted in part and denied in part**; Plaintiffs' first motion to amend

their complaint is **denied**; Plaintiffs' second motion to amend their complaint is **granted in part**

**and denied in part**.  An appropriate Order accompanies this Opinion.


S/Dennis M. Cavanaugh


Dennis M. Cavanaugh, U.S.D.J.

Date:        March 31, 2011

Orig.:       Clerk
cc:          Counsel of Record
             The Honorable Joseph A. Dickson, U.S.M.J.
             File