NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADIP J. TADROS and NORMA TADROS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF UNION CITY MAYOR BRIAN P. STACK; JOHN MEDINA; MARTIN MARTINETTI; FRANCO ZANDARDELLI; LUCIO FERNANDEZ; CHRISTOPHER F. IZIZARRY; TILO E. RIVAS; MARYBURY BOMBINO; ANDRES GARCIA; MIGUEL ORTIZ; VICTOR MERCADO; VICTOR GRULLON; MARGARITA GUTIERREZ; DENIS VELEZ; C. VALBIVIA; THE STATE OF NEW JERSEY; EMPIRETECH CONSULTING ASSOCIATION INC.; SHERIF H. EL-FAR P.E.; CONNIE YOUNIS; JOSE IZQUIERDO; JAI ARCHITECTS LLC; ABBAS A. SHAH; RONALD ABRAHAM, ESQ.; GREGG F. PASTER, ESQ.; WILFREDO J. ORTIZ, II, ESQ.; J.D.P. CONSTRUCTION SERVICES, INC.; JUAN DE LA PAZ; JAY B. ZUCKER, ESQ.; ROSE RUBITO, ESQ.; DAVID M. WATKINS, ESQ.; 54 INC.; ORTIZ AND PASTER LAW OFFICES; JAY B. ZUCKER & KWESTEL, LLP; and, JOHN DOES, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 10-CV-2535 (DMC)(MF) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon the motion for reconsideration of this Court's

March 31, 2011 Opinion and Order by Plaintiffs Adip and Norma Tadros (collectively, "Plaintiffs") under Local Civil Rule 7.1. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After considering the submissions of all parties, and for the reasons set forth below, it is the decision of this Court that Plaintiffs' motion for reconsideration is **denied**.

I. **BACKGROUND**

On October 14, 2003, Plaintiffs, represented by Gregg Paster, Esq. (hereinafter, "Paster"), filed suit (hereinafter, "First Action") in the Superior Court of New Jersey, Hudson County against Empiretech Construction Association, Inc., Empiretech Consulting Association, Inc. and Abbas A. Shah (hereinafter, the "Empiretech Defendants"). (Pl.'s Mot. for Recons. Ex. A, May 9, 2011, ECF No. 75-1.) In the First Action, the underlying facts involved the construction and planning of a property named "Billiard Parlor and Catering Services," in Union City, New Jersey (hereinafter, the "Billiard Parlor"). Id. Plaintiffs sought to quiet title in the Empiretech Defendants and alleged negligence, gross negligence, professional malpractice, breach of contract and warranty and tortious interference with economic advantage. Id. On or about January 27, 2005, Paster withdrew as counsel for Plaintiffs, and Ronald Abraham (hereinafter, "Abraham") became the superseding counsel in Plaintiffs' action against the Empiretech Defendants. (Pl.'s Mot. for Recons. Ex. B, at 7, May 9, 2011, ECF No. 75-1.)

On February 14, 2006, the Honorable Barbara A. Curran, J.S.C. signed an order dismissing any and all of Plaintiffs' claims against the Empiretech Defendants in the First Suit with prejudice. Id. at Ex. D. Judge Curran found that Plaintiffs had failed to establish a prima facie case of either architectural negligence, malpractice or liability against the Empiretech Defendants. Id. Plaintiffs, represented by Joel Bacher, Esq., then brought suit against Paster for negligence and failure to

provide adequate assistance of counsel on February 26, 2007 (hereinafter, "Second Action"). (Pl.'s Mot. for Recons. Ex. C, May 9, 2011, ECF No. 75-1.)

Paster, in turn, filed a third-party complaint against Abraham on September 13, 2007 for indemnity, stating that Abraham negligently represented Plaintiffs and failed to provide them with adequate assistance of counsel (Pl.'s Mot. for Recons., May 9, 2011, ECF No. 75-1.) Plaintiffs and Paster asserted that Abraham failed to move to vacate a court order barring Plaintiffs' expert reports or to resolve deficiencies that led to the issuance of such orders. Id. at 8. Plaintiffs' complaint was dismissed with prejudice by the Honorable Barbara A. Curran, J.S.C. on November 7, 2008. (Paster Br. in Opp'n to Pl.'s Mot. to Am. Ex. B, at 2, Dec. 7, 2010, ECF No. 46-2; see also Paster et al. Opp'n to Pl.'s Mot. to Dismiss 1, May 23, 2011, ECF No. 83.)

On October 21, 2008, Plaintiffs, represented by Rose Tubito, Esq. (hereinafter, "Tubito"), filed suit (hereinafter, "Third Action") in the Superior Court of New Jersey, Hudson County against John Medina, Jose Izquierdo, Martin Martinetti, Franco Zandardelli, the City of Union City, New Jersey, the Mayor and Council of Union City, New Jersey and each of its members individually, the City of Union City New Jersey Zoning Board of Adjustment (hereinafter, "Zoning Board") and each of its members individually, Empire Tech Architect [sic] and each of its owners and agents individually, JAI Architect and each of its owners and agents individually, Sherif H. El Far PE and each of its owners and agents individually and John Does. (City of Union City Mot. for Summ. J. ¶ 1, May 19, 2011, ECF No. 81.)

Plaintiffs' allegations involve obtaining the necessary permits to build the Billiard Parlor. In the Third Action, Plaintiffs complained of a number of incidents surrounding the Zoning Board approval process. Plaintiffs alleged that Union City Officials, including John Medina and Martin

3

Martinetti, purposely delayed approvals and extorted Plaintiffs for the permits needed to undertake construction on the Billiard Parlor. (Br. in Opp'n to Pl.'s Mot. to Am. Ex. LL, at ¶ 6, Dec. 6, 2010, ECF No. 44-2.) Additionally, Plaintiffs stated that the same Union City Officials harassed them for payments in exchange for the allowance to continue developing and constructing the Billiard Parlor and threatened other businesses they owned. Id. at ¶ 8.

Plaintiffs supposedly cooperated with the Federal Bureau of Investigation (hereinafter, "FBI") in January 2005 and recorded John Medina soliciting and demanding a sum of $35,000, and later accepting $20,000, to "make it easier" and "expedite renewal" of necessary city permits for the Billiard Parlor project. Id. at ¶ 9. Plaintiffs claim they were threatened that their plans would not be approved unless they hired Jose Izquierdo (hereinafter, "Izquierdo") as their architect and stated that they hired Izquierdo as a result of those threats. Id. at ¶ 16. Plaintiffs assert that Izquierdo made payments to the Zoning Board to obtain the approvals on several occasions between 2000 and 2006 and that he admitted this to the FBI. Id. at ¶ 20.

In the Third Action, Plaintiffs' stated causes of action such as purposeful and willful misconduct, intentional and willful illegal activities for personal financial gain, tortious actions and interference and oral false statements. On July 31, 2009, the Honorable Shirley Tolentino, J.S.C. granted summary judgment to the Board of Commissioners of the City of Union City, each of its members individually and Martin Martinetti. (Pl.'s Mot. for Recons. Ex. D, at 9, May 9, 2011, ECF No. 75-1.) In the same opinion, Judge Tolentino dismissed Plaintiffs' complaint against the same with prejudice. Id. On November 13, 2009, Judge Tolentino granted summary judgment to the Zoning Board and each of its individual members individually finding no genuine issues of material fact and granted judgment as a matter of law. (Pl.'s Mot. for Recons. Ex. D, at 7, May 9, 2011, ECF

4

No. 75-1.)

On May 17, 2010, Plaintiffs filed a complaint, similar to the complaint filed in the Third Action, in this Court (hereinafter, "Fourth Action"). Plaintiffs here assert the following causes of action: violations of federal and state civil Racketeering Influenced and Corrupt Organizations Act ("RICO") laws (Counts 1 through 4); violation of the New Jersey Consumer Protection statutes (Count 5); 42 U.S.C. § 1983 and claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1999) (Count 6); 42 U.S.C. § 1985 conspiracy to violate civil rights (Count 7); violation of the New Jersey Tort Claims Act (Count 8); billings fraud by Defendant-attorneys (Count 9); conversion (Count 10); unjust enrichment (Count 11); common law fraud (Count 12); conspiracy to commit fraud (Count 13); negligent misrepresentation (Count 14); breach of fiduciary duty of care by all Defendants (Count 15); breach of fiduciary duty of care by the City and city officials (Count 16); commercial bribery (Count 17); violation of the Truth in Lending Act (Count 18); legal malpractice (Count 19); and violation of the Equal Protection Clause of the Fifth Amendment (Count 20).

In this Court's Opinion filed March 31, 2011 (hereinafter, the "March 31st Opinion"), Plaintiffs' first motion to amend their complaint (ECF No. 40) was denied. Plaintiffs' second motion to amend (ECF No. 50) was denied as to the Board of Commissioners of Union City, each of its members individually and Martin Martinetti based on the entire controversy doctrine, res judicata and collateral estoppel. (ECF No. 67.) It was granted as to Tubito, in a very limited manner, regarding the forgery and substitution of attorney documents without client consent or knowledge. Plaintiffs were granted leave to supplement their complaint with facts regarding the breach of fiduciary duty claim and any intentional misconduct in her role as counsel. In all other remaining

respects the motion to amend was denied.

This Court also granted the motions to dismiss filed by Tubito, by Izquierdo and JAI Architect, LLC and by the City of Union, the Board of Commissioners of Union City and each of its members individually; as well as the motions for summary judgment filed by Robert Abraham, Esq., Gregg F. Paster, Esq., Wilfredo J. Ortiz, II, Esq. and Ortiz & Paster and by Sherif H. El-Far all on grounds of New Jersey's entire controversy doctrine, res judicata and collateral estoppel. On May 9, 2011, Plaintiffs moved for reconsideration of the March 31st Opinion.

## II.     STANDARD OF REVIEW: MOTION FOR RECONSIDERATION[1]

Motions for reconsideration in this District are governed by L. CIV. R. 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). The Rule requires that motions for reconsideration be served and filed "within 14 days after the entry of the order or judgment on the original motion by the Judge." L. CIV. R. 7.1(i) (2012). Further, the Rule requires that a movant submit "concisely the matter or controlling decisions which the party believes the [Judge] has overlooked." Id. A motion pursuant to the Rule may be granted in only three, very limited circumstances. Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). The first involves establishment that an intervening change in the controlling law has occurred. Id. The second involves presentation of new evidence that could not have been confronted in the prior disposition because it was not previously available. Id. The third involves correcting a clear error of law or preventing manifest injustice involved in a prior order. Id.

Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." See NL

---

[1] Though other standards of review are relevant in referring back to the March 31st Opinion, this Court will not state those standards of review here and hereby references the Opinion's Section II entitled "Legal Standards" for motions to dismiss filed pursuant to Rule 12(b)(6) and motions for summary judgment filed pursuant to Rule 56. Tadros v. City of Union City, No. 10 CV 2535, 2011 WL 1321980, at *4-5 (D.N.J. Mar. 31, 2011). See infra Part III.2.

Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J. 1986)). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper, on a motion for reconsideration, to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

### III. DISCUSSION

Plaintiffs' motion for reconsideration fails because it was filed out of time. A motion for reconsideration must be filed within fourteen days after the entry of the order or judgment on the original motion by the Judge. Here, the Opinion was filed on March 31, 2011 and Plaintiffs moved to reconsider on May 9, 2011. Beyond that procedural bar, Plaintiffs fail to assert a right to relief that surmounts the requisite threshold for reconsideration. Plaintiffs make various arguments in support of reconsideration, however, their arguments do not fall within any of the three limited categories that entitle them to the relief sought. For the sake of completeness, the Court will briefly assess Plaintiffs' arguments.

Plaintiffs first assert they "didn't have the opportunity to challenge the Defendant's misleading and fraudulent allegations in their Motions." (Pl.'s Mot. for Recons. 2, May 9, 2011, ECF No. 75.) Plaintiffs provide no basis for this claim. This Court has reviewed Plaintiffs' filings and the docket and finds no instance where Plaintiffs were either enjoined or prohibited from filing responses or other documents in this Court. Plaintiffs' argument is dismissed as unfounded and fails to establish a basis for reconsideration of this Court's Opinion.

This Court has carefully reviewed Plaintiffs' statement of the facts. Plaintiffs' Actions have each either arisen out of the same common nucleus of operative fact, and are thereby precluded under res judicata and collateral estoppel doctrines, as well as New Jersey's entire controversy doctrine, or they involve attorney malpractice allegations arising out of Plaintiffs' representation in these Actions and involve specific claims that have been litigated before. On these same facts, as stated, time and again, Plaintiffs have failed to present a conceivable legal basis upon which relief could be granted. Plaintiffs will not be given a chance to relitigate issues upon which a final judgment has already been rendered.

Plaintiffs allege various contract and tort claims against a number of entities and persons involved in the development, construction and approval of their Billiard Parlor plans. Plaintiffs also allege claims against attorneys who represented Plaintiffs on these various claims, in their motion for reconsideration. Plaintiffs explain how they are aggrieved, but fail to clearly and satisfactorily connect their damages to legally viable claims for relief. Instead they utilize conclusory, labeling language of exactly the type the Supreme Court has cautioned against. See Bell Atl. Corp. v. Twombly, 550 U.S. 540 (2007). The Plaintiffs statement must contain "enough heft to 'show that the pleader is entitled to relief.'" Id. at 557. We are guided by plausibility. Since Plaintiffs failed to provide enough legal substance to rise above this burden, this Court granted the motions to dismiss filed by Tubito, by Izquierdo and JAI Architect and by the City of Union, Board of Commissions of the City and each of its members individually. Plaintiffs have presented no basis upon which it has become appropriate to reconsider those decisions.

Plaintiffs argue that they have not been given an "adequate opportunity to litigate the claims against parties in the federal court" because of attorney malpractice in the state court. (Pl.'s Mot. for Recons. 2.) Plaintiffs have demonstrated a pattern of instituting Actions arising out of the same

common nucleus of operative fact, followed by malpractice claims against attorneys who represented them in those Actions when judgment falls out of their favor. Final judgment has been rendered in the state court as to Plaintiffs' malpractice claims. As this Court appropriately noted in the March 31st Opinion, "even if the state court did not address the specific allegations here . . . there is one core controversy . . . " (March 31st Opinion 13.) This determination lies at the heart of New Jersey's entire controversy doctrine, which requires parties to achieve one lawsuit when claims arise out of the same transaction and have a common nucleus of fact.

Plaintiffs bring no new evidence, controlling law or error in application of the law to light to support reconsideration of this Court's March 31st Opinion, and further fail to show that any ruling was based in an error of law or manifest injustice.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

s/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Dated: December 30th, 2011  
Original: Clerk  
cc: All Counsel of Record  
    Hon. Mark Falk, U.S.M.J.  
    File