NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADIP J. TADROS and NORMA TADROS,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF UNION CITY MAYOR BRIAN P. STACK; JOHN MEDINA; MARTIN MARTINETTI; FRANCO ZANDARDELLI; LUCIO FERNANDEZ; CHRISTOPHER F. IZIZARRY; TILO E. RIVAS; MARYBURY BOMBINO; ANDRES GARCIA; MIGUEL ORTIZ; VICTOR MERCADO; VICTOR GRULLON; MARGARITA GUTIERREZ; DENIS VELEZ; C. VALBIVIA; THE STATE OF NEW JERSEY; EMPIRETECH CONSULTING ASSOCIATION INC.; SHERIF H. EL-FAR P.E.; CONNIE YOUNIS; JOSE IZQUIERDO; JAI ARCHITECTS LLC; ABBAS A. SHAH; RONALD ABRAHAM, ESQ.; GREGG F. PASTER, ESQ.; WILFREDO J. ORTIZ, II, ESQ.; J.D.P. CONSTRUCTION SERVICES, INC.; JUAN DE LA PAZ; JAY B. ZUCKER, ESQ.; ROSE RUBITO, ESQ.; DAVID M. WATKINS, ESQ.; 54 INC.; ORTIZ AND PASTER LAW OFFICES; JAY B. ZUCKER & KWESTEL, LLP; and, JOHN DOES,<br><br>    Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 10-CV-2535 (DMC)(MF) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

    This matter comes before the Court upon the motion for summary judgment by Defendants

the City of Union City Zoning Board of Adjustment (hereinafter, "Zoning Board"), John Medina, Anderes Garcia, Miguel Ortiz, Justin Mercado, Vincent Caruso, Carlos Vellejo, Victor Grullon, Margarita Guitierrez, Denis Velez, and C. Valbivia (hereinafter, "Zoning Board Members" or "Members"). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After considering the submissions of all parties, and for the reasons set forth below, it is the decision of this Court that the City of Union Defendants' motion for summary judgment is **granted**.

**I.    STATEMENT OF FACTS**

The underlying facts of this case involve the construction and planning of a property named "Billiard Parlor and Catering Services," in Union City, New Jersey (hereinafter, the "Billiard Parlor"). (Pl.'s Mot. for Recons. Ex. A, May 9, 2011, ECF No. 75-1.) Plaintiffs have filed four actions in total, three in the Superior Court of New Jersey, Hudson County and the fourth in this Court. Two of the three Superior Court actions involved malpractice claims against attorneys who represented Plaintiffs on their claims in state court.

One of the four superior court actions was filed on October 21, 2008. Plaintiffs, represented by Rose Tubito, Esq., filed suit in the Superior Court of New Jersey, Hudson County against John Medina and the Zoning Board and each of its members individually, among others. (City of Union City Mot. for Summ. J. ¶ 1, May 19, 2011, ECF No. 81.) On November 13, 2009, the Honorable Shirley A. Tolentino granted summary judgment to the Zoning Board and each of its individual members individually finding no genuine issues of material fact and granted judgment as a matter of law. (Pl.'s Mot. for Recons. Ex. D, at 7, May 9, 2011, ECF No. 75-1.)

The Zoning Board and its Members filed for summary judgment on May 19, 2011. The motion is unopposed by Plaintiffs. Plaintiffs' prayer for relief in this Court includes various fraud,

2

breach of contract and breach of fiduciary duty claims against Union City officials. (Opinion, March 31, 2011, ECF No. 67.) Plaintiffs claim Defendant John Medina and his agents purposely delayed zoning approvals and extorted Plaintiffs for the permits needed to undertake construction on the Billiard Parlor. (Def.'s Mot. for Summ. J. 5, May 19, 2011, ECF No. 81.) Additionally, Plaintiffs state that the same harassed them for payments in exchange for the allowance to continue developing and constructing the Billiard Parlor and threatened other businesses they owned. Id. Defendants filing this motion for summary judgment include the City of Union City Zoning Board members individually: Anderes Garcia, Miguel Ortiz, Justin Mercado, Vincent Caruso, Carlos Vellejo, Victor Grullon, Margarita Gutierrez, Denis Velez and C. Valbivia.

**II.    STANDARD OF REVIEW**

   **1. Summary Judgment**

It is well established that this Court is to review the facts in the light most favorable to the Plaintiff. Marzano v. Computer Sci. Corp. Inc., 91 F.3d 497, 501 (3d Cir.1996); see also, Dowling v. Citizens Bank, 295 Fed.Appx. 499 (3d Cir. 2008). Summary judgment is appropriate where there are no genuine material issues of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (2008). A factual dispute is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The Third Circuit holds that "in considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-

moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Lack of opposition to a motion for summary judgment is not a sufficient basis, on its own, for granting judgment in favor of the moving party. Grant of a summary judgment motion must also be "appropriate." Anchorage Assoc. v. V.I. Bd. of Tax L. Rev., 922 F.2d 168, 175 (3d Cir. 1990) (citation omitted). Even though Rule 56(e) requires a non-moving party to "set forth specific facts showing that there is a genuine issue for trial", it is "well-settled ... that this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond." Id. Lack of opposition does not affect the standard guiding a summary judgment motion and the Court must determine whether judgment is appropriate, as a matter of law, as a result of the finding of no genuine issues of material fact to be tried.

### 2. Claim Preclusion

New Jersey's Entire Controversy Doctrine requires that "all related claims against a particular adversary" be asserted in one action, "or be precluded from bringing a second action based on the omitted claims against that party." Melikian v. Corradetti, 791 F.2d 274 (3d Cir. 1986), distinguished on other grounds by Bennun v. Rutgers State Univ., 941 F.2d 154, 166 (3d Cir. 1991) and Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 139 n. 4 (3d Cir. 1999).

The standard requirements for collateral estoppel, as set forth by the Third Circuit, include: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated[1]; (3) the previous determination was necessary to the decision; and (4) the party being precluded from

---

[1] "Actually litigated" means properly raised in an earlier lawsuit, submitted to the court for a determination, and determined. Black's Law Dictionary (9th ed. 2009).

relitigating the issue was fully represented in the prior action. Szehinskyj v. Att'y Gen. of U.S., 432 F.3d 253, 255 (3d Cir. 2005) (citing Henglein v. Colt Indus. Operating Corp., 260 F.3d 201, 209 (3d Cir. 2001); and Raytech Corp. v. White, 54 F.3d 187, 190 (3d Cir.1995)) (citation omitted).

### III.  DISCUSSION

Plaintiffs filed suit against John Medina, the Zoning Board and the Members individually in the state court on October 21, 2008.  (Def.'s Mot. for Summ. J. ¶ 1, May 19, 2011, ECF No. 81.) Defendants John Medina, the Zoning Board and the Members individually moved for summary judgment in that action. Id. at ¶ 12.  On November 13, 2009, Judge Tolentino granted Defendants motion for summary judgment finding "there are no genuine issues of material fact remaining, and the movants are entitled to judgment as a matter of law." Id. at 13.

The state court action considered related claims against the same adversaries arising out of the same facts underlying the instant matter.  The state court considered identical issues, such as, but not limited allegations against Defendants surrounding extortion, fraud and delay of approvals.  The case was actually litigated being raised, submitted to the Superior Court and determined by Judge Tolentino.  The previous determination on the issues was necessary to Judge Tolentino's decision that there were no genuine issues of material fact.  She further found that "Plaintiffs had not complied with the notice requirements of the NJ Tort Claims Act." (Pl.'s Mot. for Recons. Ex. D, at 7-8, May 9, 2011, ECF No. 75-1.)

Further, at this point, this Court cannot find that Plaintiffs were not fully represented in the prior action.  Plaintiffs enlisted Rose Tubito, Esq. to represent them in filing their state court complaint.  This Court dismissed Plaintiffs' malpractice claims against Tubito in the Opinion and Order filed March 31, 2011.  (Opinion at 17, March 31, 2011, ECF No. 67.)  Given the dismissal,

this Court will not relitigate the issues already adjudicated on this point and the finding that Plaintiffs failed to state a claim for relief against prior counsel.  Just as Plaintiffs' broad based claims in the instant matter are precluded on collateral estoppel grounds, the issue of Plaintiffs' full representation in the prior action has already been decided and will not be determined anew.

As the requirements for imposing collateral estoppel are met here, Plaintiffs' claims are precluded.  The claims do not present genuine issues of material fact to successfully surmount Defendants' motion for summary judgment.

**IV.**     <u>**CONCLUSION**</u>

For the foregoing reasons, Defendants' motion for summary judgment is **granted**.  An appropriate Order accompanies this Opinion.

                                                          s/ Dennis M. Cavanaugh
                                                          Dennis M. Cavanaugh, U.S.D.J.

Dated:      December  30th , 2011
Original:   Clerk
cc:         All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File