UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADIP J. TADROS and NORMA TADROS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF UNION CITY MAYOR BRIAN P. STACK; JOHN MEDINA; MARTIN MARTINETTI; FRANCO ZANDARDELLI; LUCIO FERNANDEZ; CHRISTOPHER F. IZIZARRY; TILO E. RIVAS; MARYBURY BOMBINO; ANDRES GARCIA; MIGUEL ORTIZ; VICTOR MERCADO; VICTOR GRULLON; MARGARITA GUTIERREZ; DENIS VELEZ; C. VALBIVIA; THE STATE OF NEW JERSEY; EMPIRETECH CONSULTING ASSOCIATION INC.; SHERIF H. EL-FAR P.E.; CONNIE YOUNIS; JOSE IZQUIERDO; JAI ARCHITECTS LLC; ABBAS A. SHAH; RONALD ABRAHAM, ESQ.; GREGG F. PASTER, ESQ.; WILFREDO J. ORTIZ, II, ESQ.; J.D.P. CONSTRUCTION SERVICES, INC.; JUAN DE LA PAZ; JAY B. ZUCKER, ESQ.; ROSE TUBITO, ESQ.; DAVID M. WATKINS, ESQ.; 54 INC.; ORTIZ AND PASTER LAW OFFICES; JAY B. ZUCKER & KWESTEL, LLP; and, JOHN DOES, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 10-CV-2535 (DMC)(MF) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion for Summary Judgment by Defendant

1

Rose Tubito, Esq. (May 24, 2012, ECF No. 100). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After considering the submissions of all parties, and for the reasons set forth below, it is the decision of this Court that Defendant Rose Tubito, Esq's Motion for Summary Judgment is **granted**.

I.     BACKGROUND[1]

In October of 2008, Plaintiffs Adip and Norma Tadros ("Plaintiffs") retained Rose Tubito, Esq. ("Defendant") to represent them in connection with claims against the City of Union City and several of its governing officials, the City of Union Zoning Board and each of its members individually, and two architectural companies that were alleged to have conspired with the government defendants, alleging claims of negligence, fraud, tortious interference with prospective economic gain, intentional infliction of emotional distress and defamation. Specifically, Plaintiffs' claims were that the government agencies and others harmed them by wrongfully denying them permit renewals necessary for the construction of a six story building and extorting money from them. This action was filed in the Superior Court of New Jersey, Hudson County. See Tadros, et al. v. Medina, et al., Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-5219-08 (the "Medina Case"). Shortly thereafter, Plaintiffs retained Defendant to represent them in connection with related claims against several former attorneys for legal malpractice. Defendant filed this action in Hudson County as Tadros, et al. v. Paster, et al., Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3217-09 (the "Paster Case").

On July 17, 2009, Defendant advised Plaintiffs of the unlikely success of their claims. Defendant claims that the parties mutually agreed that Defendant would no longer represent

---

[1]This section is taken from the parties pleadings.

2

Plaintiffs in the Medina and Paster Cases. That day, the parties signed Substitution of Counsel forms for both cases. Plaintiffs claim in their amended complaint that their signatures were forged, while Defendant claims that all parties agreed that she would withdraw as counsel, and that Defendant explained the content of the forms as well as the forms' effect to Plaintiffs prior to their execution of the Substitution of Counsel forms.

Defendant continued to make appearances on behalf of Plaintiffs after completing the Substitution of Counsel forms. The Medina case was at the summary judgment stage, and Defendant appeared on Plaintiffs behalf at oral argument on July 31, 2009. Defendant filed the Substitution of Counsel forms for the Paster case and the Medina case on September 14, 2000 and September 17, 2009, respectively. Following Defendant's withdrawal, Plaintiffs obtained other counsel for the Paster case and reached settlement on June 3, 2011.

On May 17, 2010, Plaintiffs filed the present action against Defendants and others. (ECF No. 1). On July 26, 2010, Defendant moved to dismiss the complaint in its entirety as it pertained to her. (ECF No.7). On Feburary 4, 2011, Plaintiffs moved to amend the complaint and filed the Amended Complaint with the Court . (ECF No. 50). On March 31, 2011, this Court granted Defendant's Rule 12(b)(6) motion in part and dismissed all causes of action against Defendant contained in the Amended Complaint with the exception of Plaintiffs' claim against Defendant for breach of fiduciary duty, and also granted Plaintiffs leave to amend their complaint. (ECF No. 66). This Motion for Summary Judgment is now before the Court.

## II.   STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the nonmoving party, demonstrate that there is no genuine issue of material

fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an initial burden of production, which shifts to the non moving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The nonmoving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. App'x 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.   DISCUSSION

In order to succeed on a breach of fiduciary duty claim, a plaintiff must establish: 1) that a fiduciary relationship existed; and 2) that the attorney committed intentional misconduct in his or her roles as counsel. Packard-Bamberger & Co., Inc. v. Collier, 771 A. 2d 1194, 1203 (N.J. 2001). As the basis for their breach of fiduciary duty claim against Defendant, Plaintiffs allege that: 1) Defendant forged the Substitution of Counsel forms and forced Plaintiff to proceed *pro se*; and 2) Defendant continued to enter appearances on Plaintiffs' behalf after she withdrew from their cases. (Am. Compl. ¶ 130-131.) Plaintiffs have not and cannot demonstrate that Defendant committed any intentional misconduct in her role as counsel to them.

A. Plaintiffs Claims that Defendant forged Substitution of Counsel forms

On September 1, 2011, counsel for Defendant served Plaintiffs with ten requests for admission, pursuant to FED. R. CIV. P. 36, seeking the authentication of several of Plaintiffs' signatures, including those on Substitution of Counsel forms for the Paster and Medina cases. (Def's Br. 11, see Glickman Decl. ¶ 5 and Exhibit C). According to Rule 36(a)(3), "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requested party a written answer or objection addressed to the matter and signed by the party or its attorney." Plaintiffs did not respond to the requests for admission. Plaintiffs failure to respond has the effect of an admission that their signatures are authentic. Plaintiffs argue that Defendant knew of the Plaintiffs "level of comprehension," which was "very poor, to the extent that they cannot understand and comprehend the term of 'Substitute of counsel." (Pl.'s Reply 9). However, the evidence before this Court precludes a determination that there is a genuine issue of material fact with respect to the forgery claim.

"Admissions under Rule 36 are sufficient to support orders of summary judgment", and thus as a matter of law, Plaintiffs cannot use the allegations of forgery to support their claim that Defendant breached her fiduciary duty. Kelvin Cryosystems, Inc. v. Lightnin, 252 Fed. Appx. 469, 472 (3d Cir.2007).

B. Plaintiffs' Claims that the Appearances made by Defendant on behalf of Plaintiffs after she withdrew as counsel somehow served to Plaintiffs' detriment

Plaintiffs' Amended Complaint alleges that Defendant "Rose Tubito continued to enter appearances and relief [sic] other defendants after she withdrew from the cases that lead [sic] to dismissal of cause of action against some defendants listed in this complaint." (Am. Compl. ¶ 130).

Defendant states that "her continued appearances on behalf of Plaintiffs did not breach any duty owed to Plaintiffs; rather, [Defendant] went above and beyond her legal duty by attempting to safeguard Plaintiffs' interests even after they consented to let her out of the cases and while they sought new counsel."(Def.'s Br. 17) Defendant argues that "Plaintiffs have not advanced - because they cannot advance - any reasonable argument that [Defendant]'s continued appearances on their behalf constituted a breach of her fiduciary duty to them." (Id.) This Court agrees. To succeed on a breach of fiduciary duty claim, a plaintiff must also show they suffered damages as consequence as a result of that breach. Rainbow Apparel, Inc. v. KCC Trading, Inc., No. 09-5319, 2010 WL 2179146, at *7 (D.N.J. May 26, 2010). Plaintiffs have shown no damages proximately caused by Defendant's continued representation, nor that Defendant committed any intentional misconduct that would rise to the level necessary to constitute a breach of her fiduciary duty.

### IV.  CONCLUSION

For the reasons stated above, it is the finding of this Court that Defendant's Motion for Summary Judgment is **granted**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Original:     Clerk's Office
cc:           Hon. Mark Falk, U.S.M.J.
              All Counsel of Record
              File